Gary L. QUARLES, Petitioner–
Appellant,

v.

John LAMBERT, Respondent–Appellee.

No. 00–35260.

D.C. No. CV–99–05080–RHW.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided June 1, 2001.

Before PREGERSON, FERNANDEZ,
and WARDLAW, Circuit Judges.

MEMORANDUM **

Gary L. Quarles appeals pro se the district court's dismissal of his 28 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

§ 2254 habeas petition on procedural grounds. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Quarles contends he was not procedurally barred by Washington's statute of limitations for filing a post-conviction collateral attack challenging his current state sentence as enhanced by an allegedly invalid prior conviction. Quarles' contention, however, is foreclosed by the United States Supreme Court's recent decision in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (holding that § 2254 relief is unavailable to a state prisoner who challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction).

Because Quarles did not timely appeal or collaterally attack the prior conviction in question, Quarles may not now challenge in a § 2254 petition the instant sentence as enhanced by the prior conviction on the grounds that the prior conviction was unconstitutionally obtained. *See id.*, 532 U.S. 394, 121 S.Ct. at 1574 (stating that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available ... the conviction may be regarded as conclusively valid."). Quarles' habeas petition, therefore, does not qualify for review. *See id.*, 532 U.S. 394, 121 S.Ct. at 1575–1576.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.