Porfirio S. PEREZ, Petitioner–Appellant,

v.

Robert AYERS, Warden, Respondent–Appellee.

No. 00–55568.

D.C. No. CV–98–00995–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.*

Decided July 23, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

———

Before KOZINSKI, T.G. NELSON and TALLMAN, Circuit Judges.

## MEMORANDUM **

California state prisoner Porfirio S. Perez appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction and sentence of 42 years to life for several offenses, including premeditated attempted murder. We have jurisdiction under 28 U.S.C. § 2253(a). We review de novo the district court's decision to deny a habeas petition, *Wade v. Terhune*, 202 F.3d 1190, 1194 (9th Cir.2000), and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

Perez first contends that his conviction and sentence should be reversed because the prosecutor engaged in the racially discriminatory use of peremptory challenges during the empaneling of his jury. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). After reviewing Perez's claim de novo, *see Wade,* 202 F.3d at 1197 ("Because the California courts followed the 'strong likelihood' test of *Wheeler* rather than the 'inference' test of *Batson* ... we review the petitioners' *Batson* claims de novo."), we conclude that he has failed to make a *prima facie* showing of a *Batson* violation. *See id.* at 1198 (stating that the fact that the prosecutor challenged the only member of the racial group in question does not by itself raise an inference of discrimination). The district court therefore properly denied this claim.

■ Perez next contends that his sentence should be reversed because it was enhanced on the basis of two prior unconstitutional convictions. The district court properly denied this claim because Perez is not challenging the validity of these convictions based on a failure to appoint counsel in violation of the Sixth Amendment. *See Lackawanna County Dist. Att'y v. Coss,* 532 U.S. 394, 121 S.Ct. 1567, 1574, 149 L.Ed.2d 608 (2001) (concluding that state conviction no longer open to direct or collateral attack may be regarded as conclusively valid, and cannot be challenged through a federal habeas corpus petition, except where petitioner raises a claim of the denial of assistance of counsel as set forth in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)).

■ Perez also contends that his sentence of 42 years to life constitutes cruel

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

and unusual punishment. Perez's sentence, however, was based on: (1) his conviction for attempted premeditated murder and related offenses for his act of shooting at police officers out of a car while engaged in a highspeed pursuit through a residential area; and (2) his extensive, and violent, criminal history. In light of the foregoing, the state court's decision rejecting this claim was not clearly erroneous. *See Cacoperdo v. Demosthenes,* 37 F.3d 504, 508 (9th Cir.1994) (concluding that where "comparison of the gravity of [defendant's] offenses with the harshness of his sentence does not raise an inference of gross disproportionality, ... we need not consider the other factors listed in *Solem* [*v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)]" in order to reject a cruel and unusual punishment claim). The district court therefore properly denied this claim because the state court's adjudication of this claim was not contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000).

AFFIRMED.