**Salvatore MARINO, Petitioner–Appellant,**

**v.**

**Linda J. CLARKE, Warden; Attorney General of the State of California, Respondents–Appellants.**

**No. 00–15316.**

**D.C. No. CV–97–01879–CW.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2001.

Decided Aug. 1, 2001.

Before PREGERSON, FERGUSON, and HAWKINS, Circuit Judges.

MEMORANDUM[1]

Salvatore Marino ("Marino") appeals the dismissal of his 1997 habeas petition by the District Court. Marino sought to challenge his 1991 state murder convictions as well as his 1994 state weapons convictions. Marino advances three arguments on appeal: (1) the district court should have deemed his 1997 habeas petition a direct attack on his 1991 state murder convictions; (2) the district court erred by ruling that he cannot collaterally attack the constitutionality of his 1991 murder convictions by attacking his 1994 weapons convictions; (3) the district court erred by failing to find sufficient evidence of juror bias to warrant an evidentiary hearing.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We consider each argument in turn and affirm the district court.

## I.

Habeas petitions filed after April 24, 1996 are governed by the new procedural rules and the new standards of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA applies to Marino's petition, because he filed the petition on May 20, 1997. The first two issues raised by Marino on appeal are matters of federal procedure and jurisdiction. The third issue, juror bias, was adjudicated by a state court and is entitled to deference under the AEDPA standard of review, 28 U.S.C. § 2254(d)(1). Under this provision, a state court decision may not be set aside as "contrary to clearly established federal law" unless "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

## II.

### A.

■ At the time Marino filed his 1997 habeas petition, he had finished serving his sentence for the 1991 convictions. A defendant who "is no longer serving the sentences imposed pursuant to his [earlier] convictions ... cannot bring a federal habeas petition directed solely at those convictions." *See Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001). Accordingly, we agree with the district court that Marino cannot obtain review of his 1991 convictions by filing a federal habeas petition aimed at those expired convictions alone.

### B.

■ Marino next contends that the district court should have permitted him to file a habeas petition collaterally attacking the 1991 state murder convictions for alleged constitutional defects because the 1991 convictions were used to enhance his 1994 weapons convictions. This argument is foreclosed by the recent Supreme Court decision in *Lackawanna.* In *Lackawanna,* the Court considered whether a § 2254 habeas petitioner may collaterally attack an earlier state conviction used to enhance the sentence for a later state conviction. The Court ruled that such a petitioner satisfies the "in custody" requirement if, although no longer serving the sentences imposed for the first state convictions, the petitioner was serving the sentences enhanced by the first convictions. *Id.* at 1573. The Court then turned to the central question of the appeal, and held that if a prior conviction is no longer open to federal review, then the defendant cannot collaterally attack the prior conviction through a § 2254 petition. *Id.* at 1573. Although the Supreme Court recognized two possible exceptions to this general bar, Marino's case does not fall within either exception. *See Lackawanna,* 121 S.Ct. at 1574–75. We therefore affirm the dismissal by the district court of Marino's habeas claims collaterally attacking his prior 1991 murder conviction.

### C.

Finally, Marino attacks his 1994 weapons conviction on the ground of alleged juror misconduct. He contends that the state and federal courts erred by denying his request for an evidentiary hearing. We agree with the district court that the alleged, unsworn statement of misconduct did not raise the type of bias necessary to warrant a reversal. The district court did not abuse its discretion by failing to hold

an evidentiary hearing after concluding that the allegation was insufficiently serious. *See e.g., United States v. Angulo,* 4 F.3d 843, 847 (9th Cir.1993) ("An evidentiary hearing is not mandated every time there is an allegation of jury misconduct or bias. Rather, in determining whether a hearing must be held, the court must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source.").

### III.

Accordingly, we AFFIRM the judgment of the district court.

Sneed, Circuit Judge, filed a concurring opinion.