927

**Hulett FOSTER, Petitioner–Appellant,**

v.

**Glynn BOOHER, Warden,
Respondent–Appellee.**

No. 00–6414.

United States Court of Appeals,
Tenth Circuit.

Aug. 10, 2001.

Before EBEL, KELLY, and LUCERO,
Circuit Judges.*

---

\* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

ORDER AND JUDGMENT \*\*

PAUL KELLY, Jr., Circuit Judge.

Petitioner–Appellant, Hullet C. Foster, seeks to appeal from the dismissal of his habeas petition, 28 U.S.C. § 2254. Mr. Foster seeks to collaterally attack his McClain County, Oklahoma conviction for larceny after former conviction of a felony. Upon recommendation of the magistrate judge, the district court dismissed the petition for lack of jurisdiction because Mr. Foster could not meet the "in custody" requirement of 28 U.S.C. § 2254(a).

Although Mr. Foster is currently serving sentences in connection with Cleveland County, Oklahoma convictions, it is uncontroverted that his McClain County conviction has been discharged and was not used to enhance his current sentences. Accordingly, he is not "in custody" on the expired McClain County sentence. *Lackawanna County District Attorney v. Coss,* 531 U.S. 923, 121 S.Ct. 1567, 1572–73, 149 L.Ed.2d 608 (2001). Moreover, the Cleveland County sentences which Mr. Foster is now serving were not imposed consecutively to the McClain County sentence, so he cannot be considered to be "in custody" on that basis. *See Garlotte v. Fordice,* 515 U.S. 39, 45–46, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995) (holding that where a petitioner is serving consecutive sentences, the first of which has expired, he is "in custody" for the purpose of collaterally attacking the expired sentence). Accordingly, there is no jurisdiction. *Lackawanna County District Attorney,* 121 S.Ct. at 1572–73.

We DENY in forma pauperis status, DENY a certificate of appealability, 28

---

\*\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2253(c)(2) and DISMISS the appeal.