GREGORY, Circuit Judge,
concurring:
I concur with the majority’s finding that Lyons has failed to make a substantial showing of a denial of a constitutional right on any of his claims. I write separately, however, because I read Lackawanna Co. Dist. Att’y v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), more broadly than does the majority.
In Coss, the Supreme Court stated, “When an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate.” Id. at 403-04, 121 S.Ct. 1567. The majority finds that because “Lyons was represented by counsel in the common law robbery proceeding,” Coss does not afford him any relief. Ante, at 533.
I, however, do not read the Coss rule quite so narrowly. As Justice O’Connor explained, “[A] habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction.” Coss, 532 U.S. at 406, 121 S.Ct. 1567 (O’Connor, J„ concurring) (emphasis added). Coss applies, therefore, not only to situations where there is an absolute failure to appoint any counsel, but also to situations where there is a Sixth Amendment violation so substantial that it is as if a defendant never had the benefit of legal representation. It is undisputed that Lyons had a court-appointed attorney in the prior conviction: Mr. George R. “Pete” Clary. The question in this case is whether Clary’s advice — that Lyons enter an Alford guilty plea in exchange for a sentence of probation — was so incompetent, conflicted, or corrupt as to effectively deny Lyons his Sixth Amendment right to counsel. Because Lyons is unable to make a substantial showing that this litigation strategy denied him his constitutional right to *536 counsel, Lyons request for a COA is denied under either the majority’s or my application of Coss. Accordingly, I concur.