**Juan A. MERCED, Petitioner— Appellant,**

v.

**Joseph L. MCGRATH, Warden, Pelican Bay Prison, Respondent—Appellee.**

No. 04–15560.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided Oct. 18, 2005.

Philip M. Brooks, Esq., Berkeley, CA, for Petitioner—Appellant.

Peggy S. Ruffra, Esq., Amy Haddix, Attorney General, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent—Appellee.

Before: D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM *

Juan Merced, a California state prisoner, appeals the district court's denial of his petition for habeas corpus. In his petition, Merced makes several assignments of error, including: 1) that the trial court committed three instructional errors that violated Merced's due process rights; 2) that the trial court constitutionally erred by permitting the prosecution to comment upon the failure of the defense to call witnesses; and 3) that the trial court erred by not striking Merced's prior convictions as constitutionally invalid. In a separate opinion, we address Merced's claim that the trial court violated his constitutional rights when it excused a prospective juror based on his belief in exercising the power of jury nullification in appropriate circumstances. In this memorandum disposition, we affirm the district court's denial of the habeas petition with respect to the above three assignments of error.

### I.

■ Petitioner claims that his constitutional rights were violated when the trial court allegedly committed three instructional errors. Two of the alleged errors involved the trial court's failure to offer

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

instructions to the jury, *sua sponte*, on third party culpability and witness intimidation. These claims were not procedurally defaulted in light of Merced's failure to object contemporaneously at trial because the government did not assert procedural default as a defense to the habeas petition before the district court. *Gonzalez v. United States*, 33 F.3d 1047, 1049 (9th Cir.1994) (failure to raise procedural default in the district court constituted a waiver of the defense). We therefore consider the merits of these claims in turn.

■ In the context of a federal collateral challenge to a state court decision, in determining whether there was instructional error of constitutional proportions, "[t]he only question ... is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)). The failure to give instructions on third party culpability and witness intimidation did not so infect the trial as to render the verdict constitutionally suspect.

After the first trial ended with a hung jury, Officer Crabtree confronted an eyewitness and stated, according to the witness, that the witness' testimony had "blown the case" for him. Merced did not meet his "especially heavy burden" of showing that the trial judge's failure to instruct the jury on inferences that could be drawn from this incident amounted to constitutional error. *Villafuerte v. Stewart*, 111 F.3d 616, 624 (9th Cir.1997) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977)).

■ A defense of third party culpability was implicit in the trial court's instruction on the state's burden since, as the federal district court observed, "the misidentifica-tion defense necessarily implied third party culpability." There was no reasonable likelihood that the jury applied the instructions in a way that prevented consideration of constitutionally relevant evidence. *See Calderon v. Coleman*, 525 U.S. 141, 146, 119 S.Ct. 500, 142 L.Ed.2d 521 (1998) (citing *Boyde v. California*, 494 U.S. 370, 377, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990)).

■ The trial court's CALJIC No. 2.06 instruction to the jury, directing its attention to specific items of evidence from which an inference of guilt could be drawn, was not constitutional error. Because the inference suggested by the instruction was permissive and not mandatory, the instruction did not improperly shift the government's burden of proof. *See Francis v. Franklin*, 471 U.S. 307, 314–15, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) (permissive inference in a jury instruction is not a violation of due process).

## II.

■ The trial court did not err in permitting the prosecution to comment on the failure of the defense to call expert witnesses. *Griffin v. California* requires that the prosecutor not comment on the *defendant's* failure to testify, not the failure of the defense to call witnesses. 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *see also United States v. Tam*, 240 F.3d 797, 805 (9th Cir.2001). The court of appeal's interpretation and application of *Griffin* was neither contrary to nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

## III.

■ The court of appeal properly concluded that Merced's prior felony convictions were constitutionally valid for purposes of his enhancements at sentencing. Merced's challenges to his prior convic-

tions are barred by *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) ("[T]he defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.").

Because the California Court of Appeal's decision was consistent with clearly established federal law, we affirm the district court's denials of Merced's habeas claims considered in this memorandum disposition.

AFFIRMED.