**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 15, 2006[*]
Decided June 13, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2607

| | |
|---|---|
| MISEAL ROQUE-ESPINOZA,<br>       *Petitioner-Appellant*,<br><br>     *v.*<br><br>UNITED STATES OF AMERICA,<br>       *Respondent-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 04 CV 237<br><br>Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

This appeal began as a challenge to the district court's rejection of Miseal Roque-Espinoza's effort to obtain collateral relief from an order requiring his removal from the United States. Events have overtaken the appeal, however, and we therefore dismiss it.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. R. 34(a)(2).

Roque-Espinoza is a Mexican citizen. He has spent most of his life in the United States, but he was removed after he served time in prison for attempted murder and marijuana distribution. See *United States v. Roque-Espinoza,* 338 F.3d 724 (7th Cir. 2003) (*Roque-Espinoza I*). He soon returned to this country illegally and was arrested and prosecuted for illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b)(2). After initially pleading guilty, Roque-Espinoza sought to withdraw his plea in order to attack his removal order collaterally, as is permitted in certain circumstances by § 1326(d), arguing that the Immigration Judge (IJ) had erroneously denied him the opportunity to apply for discretionary relief under a now-repealed section of the Immigration and Nationality Act. The district court denied the motion and sentenced Roque-Espinoza to 72 months' imprisonment. We affirmed, concluding that Roque-Espinoza's failure to appeal the IJ's decision or file a writ of habeas corpus challenging his removal order doomed his later collateral attack and therefore the district court's refusal to allow him to withdraw his guilty plea was not an abuse of discretion. See *Roque-Espinoza I*, 338 F.3d at 729-30. After that defeat, Roque-Espinoza filed a petition under 28 U.S.C. § 2255, seeking to challenge his removal order once again, this time on the basis that his immigration counsel was ineffective for failing to file an appeal. The district court denied relief.

After Roque-Espinoza filed his notice of appeal, the parties set about briefing this case. On March 14, 2006, this court issued an order granting Roque-Espinoza's motion to file a non-conforming reply brief and noting that the case was, at that point, fully briefed. On April 13, 2006, however, Roque-Espinoza was turned over to the custody of the Department of Homeland Security, Immigration and Customs Enforcement (ICE), and transferred to Louisiana. The government has advised us that an initial removal hearing was held on April 26, 2006, at which Roque-Espinoza pleaded guilty and asked to be removed immediately. He did not inform the immigration court that he had a pending appeal in this court. In order to be certain that Roque-Espinoza knew what he was doing, the ICE deportation officer interviewed him and confirmed that he was aware of the status of his appeal. Roque-Espinoza executed a sworn statement on May 5, 2006, in which he acknowledged the status of his appeal and affirmed nonetheless that he wished to be removed immediately.

The government informed the court, in a status report filed on May 12, 2006, that it intended to execute the removal order and remove Roque-Espinoza promptly. In light of Roque-Espinoza's decision to acquiesce in this action, we conclude that his appeal must be dismissed. If he has already been removed, the appeal is moot; even if he has not been removed, we construe his May 5 statement as a waiver of any arguments he might have presented on appeal and dismiss it on that basis in the alternative. We note, as well, that his appeal faced considerable difficulties. As a general rule, a defendant in a federal criminal proceeding may not attack the validity of a prior conviction on which a later sentencing enhancement is based, *Custis v.*

*United States*, 511 U.S. 485 (1994), nor may she do so through a 28 U.S.C. § 2255 petition, *Daniels v. United States*, 532 U.S. 374 (2001), nor may a state prisoner collaterally attack a prior conviction later used for sentencing through a 28 U.S.C. § 2254 petition, *Lackawanna Co. Dist. Attorney v. Coss*, 532 U.S. 394 (2001). Although the rule is slightly different in immigration cases, as a result of both the Supreme Court's decision in *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), and Congress's decision in the 1996 amendments to the illegal re-entry statute to incorporate an alien's right to attack her removal order collaterally, such an attack is still difficult. Before the petition may proceed, an alien must: (1) exhaust available administrative remedies; (2) demonstrate that the immigration proceeding deprived her of an opportunity for judicial review; and (3) show that the entry of the removal order was fundamentally unfair. 8 U.S.C. § 1326(d).

Although *Mendoza-Lopez* and the amended version of § 1326 create a limited right to pursue a collateral attack on a removal order in the context of a prosecution for illegal re-entry, neither suggests that an alien may continue to challenge such orders once criminal proceedings are complete. Indeed, the post-*Mendoza-Lopez* amendment of § 1326 evinces a clear congressional intent to limit such challenges even in the original criminal prosecution. To allow further collateral attacks on removal orders by means of § 2255 petitions would conflict with the purpose of the statute. Once an alien has received the one opportunity for judicial review of a removal order that *Mendoza-Lopez* holds that due process requires, the judicial system's more general interest in the finality of judgments and the orderly administration of justice again assumes greater – perhaps dispositive – weight.

We can only assume that Roque-Espinoza sensibly realized all this when he decided to stop fighting his removal from the United States. For the reasons stated in this order, we **DISMISS** the appeal.