Shawn Louis JACOBS, Petitioner–Appellant,

v.

Rick LOONEY, Warden,\* Attorney General for the State of New Mexico, Respondents–Appellees.

No. 07–2061.

United States Court of Appeals, Tenth Circuit.

Sept. 12, 2007.

Shawn Louis Jacobs, Estancia, NM, pro se.

Steven S. Suttle, Office of the Attorney General State of New Mexico, Albuquerque, NM, for Respondents–Appellees.

Before BRISCOE, EBEL, and McCONNELL, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY [†]

MICHAEL W. McCONNELL, Circuit Judge.

Shawn Louis Jacobs, a state prisoner proceeding *pro se,* seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Jacobs has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny

\* Rick Looney, Warden, Torrance County Detention Facility, is substituted upon petitioner's motion in place of Erasmo Bravo, Acting Warden, Lea County Correctional Facility. *See Dalton v. Battaglia,* 402 F.3d 729, 729 n. \* (7th Cir.2005).

† This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

his request for a COA and dismiss the appeal.

## I. Background

Mr. Jacobs was convicted of murder, kidnaping, and several other offenses in connection with the shooting of an eighteen-year old woman. On October 24, 1994, the victim accepted a ride home from a man driving a green Jeep, who was later identified by two witnesses as Mr. Jacobs. That evening, a passerby discovered a green Jeep in a ravine and the victim's body nearby. The victim had been shot in the back of the head and there was a large amount of black powder residue around the entrance wound. There was also evidence of sexual assault. The victim's Dallas Cowboys jacket, crucifix, and "eightball" tee shirt that witnesses testified the victim had with her on the day of her death were not at the scene. The jury heard testimony that the Jeep found near the victim had been stolen from a local dealership and that Mr. Jacobs was seen driving a green Jeep during the two days preceding the murder.

Mr. Jacobs had been released from prison three days prior to the murder and was living at his father's house. After the murder the police began surveillance on Mr. Jacobs' father's house and observed Mr. Jacobs with a Dallas Cowboys jacket. Two days following the murder, Mr. Jacobs gave the victim's crucifix to a woman. The police then arrested Mr. Jacobs and conducted a protective sweep of the house. After the arrest, the officers obtained a search warrant for the home and recovered a Dallas Cowboys jacket and "eightball" tee shirt. They also found a blackpowder pistol under the lining of a waterbed, and DNA testing indicated that blood on the muzzle of the pistol was likely the victim's. While Mr. Jacobs was incarcerated pending trial, he attempted to escape from custody. The incident gave rise to an additional indictment.

The jury found Mr. Jacobs guilty of first-degree murder, kidnaping, attempted second-degree criminal sexual penetration, armed robbery, two counts of tampering with evidence, unlawful taking of a motor vehicle, receiving or transferring a stolen vehicle, possession of a firearm or other destructive device by a felon, escape from jail, and escape from a peace officer. The court sentenced him to death plus sixty-nine years and six months in prison. On appeal, the New Mexico Supreme Court affirmed his conviction but reversed the death sentence. *State v. Jacobs*, 129 N.M. 448, 10 P.3d 127 (2000). On remand, the court sentenced Mr. Jacobs to life imprisonment plus sixty-nine years and six months.

After unsuccessfully challenging his conviction through state habeas, Mr. Jacobs filed a petition for a writ of habeas corpus before the district court for the District of New Mexico. On March 30, 2006, the district court denied the petition and dismissed with prejudice. Mr. Jacobs filed a notice of appeal in the district court on June 1, 2006. This Court dismissed the appeal as untimely because the notice had not been filed within thirty days of the date of entry of judgment. Order, No. 06–2162.

Mr. Jacobs then filed a motion asking the district court to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, claiming that he had not received notice of the March 30 judgment until May 26, 2006. On January 31, 2007, the district court granted the motion to reopen the time to file an appeal under Rule 4(a)(6). On April 19, 2007, the district court ruled that the granting of the motion to reopen retroactively validated the notice of appeal filed by Mr. Jacobs on June 1, 2006.

## II. Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted).

As a preliminary matter, we find no abuse of discretion by the district court in granting Mr. Jacobs' Rule 4(a)(6) motion to reopen the time to file an appeal. Our decision in *Hinton v. City of Elwood*, 997 F.2d 774, 777–79 (10th Cir.1993) supports the proposition that an otherwise untimely notice of appeal can be validated retroactively by the court's granting of a motion to reopen. We therefore have jurisdiction to consider the merits of the motion for COA.

Mr. Jacobs raises seven claims in his COA petition: (1) that his separate convictions and sentences for felony murder, kidnaping, and attempted criminal sexual penetration violate the Double Jeopardy Clause; (2) that the District Attorney tampered with evidence during the trial and knowingly used false evidence; (3) that certain evidence gathered by the police was illegally obtained and ought to have been suppressed; (4) that the court deprived him of a fair trial by trying the escape charges along with the primary offenses; (5) that the court deprived him of a fair and impartial jury by excusing four prospective jurors based on their religious beliefs; (6) that the court erred in adding thirty-seven years to his sentence under the New Mexico habitual offender statute; and (7) that his attorneys' failure to adequately discuss the case with him, refusal to call witnesses and ask questions of witnesses at Mr. Jacobs' request, and expressions of contempt towards Mr. Jacobs constituted ineffective assistance of counsel. Mr. Jacobs also contends that the cumulative effect of these alleged trial defects amounts to fundamental error.

Mr. Jacobs's claim that the court improperly increased his sentence under the New Mexico habitual offender statute is based on the contention that his prior felony convictions included offenses for which he was not indicted. He argues that enhancement of his current sentence based on these supposedly illegal convictions violates his constitutional due process rights. However, the Supreme Court has held that "[i]f ... a prior conviction used to enhance a federal sentence is no longer open to attack in its own right because the defendant failed to pursue those remedies while they were available (or because he did so unsuccessfully), then ... [t]he defendant may not collaterally attack his prior conviction through a motion under § 2255." *Daniels v. United States*, 532 U.S. 374, 375, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001). The Court subsequently extended this holding to cover § 2254 petitions directed at enhanced state sentences. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 402, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). Accordingly, no reasonable jurist could dispute the district court's resolution of this issue.

The magistrate judge thoughtfully considered and thoroughly addressed the remainder of the issues in the proposed findings and recommended disposition, which were adopted by the district court, and found that the rejection of these claims by

the New Mexico Supreme Court and state habeas court did not constitute an unreasonable application of clearly established federal law. We have carefully examined Mr. Jacobs' arguments in this court in light of the record below, and conclude that no reasonable jurist could dispute the district court's resolution of Mr. Jacobs' habeas petition.

### III. Conclusion

For the reasons stated above, we **DENY** the request for a COA and DISMISS this appeal. Petitioner's "Motion to Correct the Respondents [sic] Name" is **GRANTED.** Mr. Jacobs has also filed a "Motion to Propel the Court" to consider his arguments. That motion is **GRANTED;** we have considered his arguments and have concluded that he is not entitled to further relief.