[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 29, 2008
THOMAS K. KAHN
CLERK

No. 07-12553
Non-Argument Calendar

_____

D. C. Docket No. 06-02311-CV-T-26-MSS

RALPH BROWN,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CHILDREN AND
FAMILIES,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 29, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Petitioner is being held involuntarily in a Florida institution, pursuant to the Jimmy Ryce Act, Fla. Stat. §§ 394.910-394.931, as a sexually violent predator. Proceeding pro se, he petitioned the district court for a writ of habeas corpus vacating the expired convictions for attempted sexual battery of a child eleven years of age or younger that provided the basis for his Ryce Act commitment. The court denied his petition and his application for a certificate of appealability ("COA") to appeal. We granted a COA on the following issues:

> Whether the district court erred in finding that the appellant could not challenge the constitutionality of his expired convictions and sentences that were later used as a basis to support his civil commitment, under Florida's Jimmy Ryce Act (the "Act").

> Whether the district court erred in finding that the appellant's claim in his 28 U.S.C. § 2254 petition, that the Act should not apply to him because his offenses occurred before the Act's enactment, was not cognizable in a federal habeas petition.

We consider these issues in order.

Federal post-conviction relief is generally unavailable to challenge "a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 396-97, 121 S.Ct. 1567, 1570, 149 L.Ed.2d 608 (2001) (petitioner was in custody based on a criminal sentence that had been enhanced by an expired prior conviction). Noting the need

2

for finality and to ease administrative review, the Supreme Court reasoned that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403, 121 S.Ct. at 1574. This is so even if the conviction has been used to enhance a criminal sentence. Id. at 403-04, 121 S.Ct. at 1574.

Although petitioner's convictions were used as a predicate for a civil commitment rather than to enhance a criminal sentence, we regard them as valid and not subject to federal habeas review. We therefore affirm the district court's holding that petitioner is barred from challenging in the instant habeas proceeding the constitutionality of those convictions, and turn to the second issue the COA presents.

That issue focuses on whether the sexual battery convictions could serve as a basis for petitioner's current confinement given the fact that the Jimmy Ryce Act was enacted subsequent to those convictions became final. This is, in essence, an Ex Post Facto Clause issue. Ex post facto challenges are cognizable in a § 2254 proceeding. See Gaskins v. Crosby, 371 F.3d 820, 822-23 (11th Cir. 2004) (addressing the merits of an ex post facto claim presented in a § 2254 petition).

3

The district court failed to recognize petitioner's ex post facto claim.[1] We

therefore vacate the part of the court's judgment which forecloses the claim and

remand the case for further proceedings.

AFFIRMED, in part; VACATED and REMANDED, in part.

---

[1] The State urges us to affirm the district court's decision on the ground of procedural default. We decline to do so because the COA does not embrace the question of whether the ex post facto claim has been defaulted.