**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 16, 2008[*]
Decided April 29, 2008

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 07-2247 <br><br> SHAVAUGHN CARLOS WILSON-EL, <br>     *Petitioner-Appellant*, <br><br>        *v.* <br><br> ALAN FINNAN, <br>     *Respondent-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. <br><br> No. 2:06-cv-171-LJM-WTL <br> Larry J. McKinney, *Judge*. |

### Order

A Conduct Adjustment Board at a prison in Indiana concluded that Shavaughn Wilson-El had been insolent to a guard. The Board issued a written reprimand and cut off Wilson-El's telephone privileges for a month. He responded by filing a petition for a writ of habeas corpus. See 28 U.S.C. §2254. The district court denied the petition, ruling that Wilson-El is not "in custody" as a result of the Board's decision.

The district court's conclusion is correct. "Custody" is essential to any proceeding under §2254. The Board's decision did not extend the duration of Wilson-El's confine-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

ment and thus did not subject him to additional custody. Indeed, the Board did not deprive Wilson-El of either liberty or property under the approach that *Sandin v. Conner*, 515 U.S. 472 (1995), adopts for prisoners' suits, so the Board's decision cannot be challenged as a violation of due process using either §2254 or 42 U.S.C. §1983.

Wilson-El maintains that the Board's finding that he had been insolent played a role in a later proceeding in which the Board concluded that he is a habitual offender. The habitual-offender designation led to the loss of 180 days' good-time credit and so subjected Wilson-El to additional custody. Yet Wilson-El has not sought judicial review of the habitual-offender decision and cannot use the outcome of that proceeding to find "custody" in this one, which involves only telephone privileges. (Whether the Board's finding of insolence could have been collaterally attacked in the habitual-offender proceeding is questionable, given *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), but we need not address that subject.)

AFFIRMED