Dodge v. Merrimack                    CV-00-309-M    10/31/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Raven C. Dodge,III
     Petitioner

     v.                                    Civil No. 00-309-M
                                           Opinion No. 2001 DNH 201
Superintendent, Merrimack County
House of Correction,
     Respondent


                           **O R D E R**


     This petition for habeas relief (28 U.S.C. § 2254), was

originally transferred to the court of appeals for consideration,

since it appeared to be a second or successive petition over

which this court had no jurisdiction.  The court of appeals

concluded that it was not a second or successive petition,

reasoning that it challenged convictions and sentences imposed in

the Concord District Court, while Dodge's earlier habeas petition

challenged a felony conviction for burglary imposed a few months

later in the New Hampshire Superior Court.  Accordingly, the

court of appeals remanded this petition for review, but seemed to

express some doubt about it's conclusion, writing, "should it

develop that our reading of the record is wrong or that the petitioner is, in fact, attempting to again challenge his burglary conviction [the subject of his earlier § 2254 petition], the district court remains free to transfer the matter back" to the court of appeals. <u>Dodge v. Superintendent</u>, No. 00-2056, Order dated January 3, 2001.

This petition, as well as the "Amended Petition" filed on June 4, 2001, like many filed by pro se prisoners, is written in something of a stream of consciousness style that understandably tries to throw as broad a legal reach as possible in search of some winning argument. But, be that as it may, although petitioner makes many references to his superior court burglary conviction, this petition is construed not to again challenge Dodge's burglary conviction in the superior court, but to challenge only his earlier misdemeanor convictions in the state district court. <u>See</u> Amended Petition. Following the court of appeals' lead, however, I point out to petitioner that if it should develop that my construction is wrong, then petitioner is free to seek leave to file a second or successive petition from

2

the appellate court.  28 U.S.C. § 2244.  However, petitioner should try to make it very clear just what conviction he seeks to challenge.

After this petition was remanded, the Magistrate Judge reviewed it and recommended dismissal on grounds that petitioner did not meet the "in custody" requirement for habeas relief because the misdemeanor convictions he is challenging fully expired before he filed the petition.  See 28 U.S.C. § 2254(a). This court did not approve or adopt that recommendation because it was not clear from the record whether petitioner, who is still incarcerated, was serving consecutive or concurrent sentences. If he was serving consecutive sentences, then he could probably take advantage of the "in custody" rule announced in Garlotte v. Fordice, 515 U.S. 39 (1995), and challenge his 1996 misdemeanor convictions.  Accordingly, petitioner was directed to file a supplemental pleading aimed at clarifying his status relative to the sentences imposed in the state district court in July of 1996, and the subsequent sentence imposed in the superior court in November of 1996.  He did so and, after further review, the

3

Magistrate Judge has again recommended dismissal for failure to meet the "in custody" requirement (document no. 16).

This petition for post-conviction relief, in which Dodge challenges his 1996 misdemeanor convictions in the Concord District Court, is necessarily dismissed. As the Magistrate Judge notes, petitioner is not serving consecutive sentences. His misdemeanor convictions and sentences fully expired, at the latest, by February 7, 1998. Therefore, he was not "in custody" on the challenged misdemeanor convictions when he filed this § 2254 petition on June 23, 2000. See Maleng v. Cook, 490 U.S. 488 (1989)(holding that habeas petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired merely because of the possibility that the prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted).[1]

---

[1] Again, petitioner is not challenging the felony sentence he is currently serving as "enhanced" by the misdemeanor convictions challenged in this petition. See e.g., Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). And, were he to do so, he would necessarily be filing a second or successive petition, requiring the prior approval of the court of appeals.

## Conclusion

The report and recommendation is approved and adopted. This petition is dismissed for lack of jurisdiction. The clerk shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 31, 2001

cc:  Raven C. Dodge, III