<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

_____

**No. 01-7764**

_____

PAUL A. LEE,

                                        Petitioner - Appellant,

        versus

STATE OF WEST VIRGINIA, by the Attorney
General of the State of West Virginia,

                                        Respondent - Appellee.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr.,
District Judge.  (CA-00-143-5)

_____

Submitted:  February 27, 2002        Decided:  March 19, 2002

_____

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Paul A. Lee, Appellant Pro Se.  Dawn Ellen Warfield, OFFICE OR THE
ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Paul Lee filed a petition for habeas corpus seeking, in effect, to attack a 1976 West Virginia state conviction for armed robbery because that conviction was used to enhance a 1991 federal sentence for drug trafficking. See 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001). The district court denied relief based on its conclusion that Lee was not "in custody" for purposes of the state conviction. Lee appeals.

Regardless of whether Lee is able to meet the in custody requirement for bringing a habeas petition, a prisoner may not (except in narrow circumstances not applicable in this case) collaterally attack an expired conviction that has been used to enhance a sentence for which the prisoner is presently in custody. Daniels v. United States, 532 U.S. 374, 382 (2001); Lackawanna County Dist. Attorney v. Cross, 532 U.S. 394, 403-04 (2001). We therefore deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

DISMISSED

2