Mike BAZLEY, Petitioner—Appellant,

v.

R.Q. HICKMAN, Respondent—Appellee.

No. 02–17425.

D.C. No. CV–00–00199–LKK/GGH.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM**

California state prisoner, Mike Bazley, appeals the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and affirm.

Bazley contends that his habeas petition is a proper vehicle to challenge the validity of a 1965 conviction that was used to increase his current sentence. He relies on an implied exception to *Lackawanna County Dist. Attorney v. Coss,* 532 U.S.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Bazley's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), arguing that habeas relief should be available because he cannot be faulted for "failing to obtain timely review of a constitutional claim." *Id.* at 405. We disagree.

Bazley's failure to follow through after the state trial court's denial of his 1972 habeas petition refutes his claim that a federal petition in 2000 was the first available vehicle for review of his constitutional challenges to his 1965 guilty plea. *Cf. id.; Daniels v. United States,* 532 U.S. 374, 383, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (discussing in a plurality opinion the possible exceptions to the general rule that prior convictions cannot be attacked in a federal habeas petition after the time for direct and collateral review has expired).

Nor did obtaining a second exculpatory declaration, 36 years after Bazley submitted the first one, establish eligibility for a new "actual innocence" exception for purposes of *Lackawanna,* 532 U.S. at 405, or *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

**AFFIRMED.**