Thomas A. HIGHTOWER,
Petitioner—Appellant,

v.

PLILER, et al., Warden, Respondent—
Appellee.

No. 02–16932.

D.C. No. CV–99–00517–LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Dec. 24, 2003.

Thomas A. Hightower, pro se, MCSP—
Mule Creek State Prison, Ione, CA, Quin
Denvir, Esq., FPDCA—Federal Public
Defender's Office, Sacramento, CA, for Pe-
titioner–Appellant.

Judy Kaida, DAG, AGCA—Office of the
California Attorney General, Sacramento,
CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge,
D.W. NELSON, and RYMER, Circuit
Judges.

MEMORANDUM *

Thomas A. Hightower appeals the dis-
trict court's denial of his petition for habe-
as corpus under 28 U.S.C. § 2254. He
challenges his California conviction after
he entered a nolo contendere plea to a
charge of committing a lewd and lascivious
act upon a child. We affirm.

The district court did not err in failing
to hold an evidentiary hearing on whether
Hightower was competent to enter a nolo
contendere plea. Hightower was not enti-
tled to an evidentiary hearing because he
did not allege facts that would, if proved,
entitle him to relief. *See Jones v. Wood,*
114 F.3d 1002, 1010 (9th Cir.1997). The
district court analyzed the extensive rec-
ord of petitioner's psychiatric treatment
and behavior during the plea colloquy, and
needed no further information to conclude
that the state court's decision denying re-
lief on the merits of this claim precluded
habeas relief. *See* 28 U.S.C. § 2254(d);
*Totten v. Merkle,* 137 F.3d 1172, 1176 (9th
Cir.1998) (noting that an evidentiary hear-
ing is not required when issues can be
resolved by reference to the state court
record).

Similarly, the district court did not err
in failing to hold an evidentiary hearing on
Hightower's claim that he was denied ef-
fective assistance of counsel because his
counsel should have raised the issue of his
competence. The record indicates that
Hightower was competent to enter a plea
and that his counsel investigated his psy-
chiatric treatment by obtaining his medical
records. Trial counsel's representation
was therefore not unreasonable. *See
Strickland v. Washington,* 466 U.S. 668,
688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Hightower is foreclosed from challeng-
ing the use of his 1978 conviction to en-
hance his sentence because that conviction
is no longer open to direct or collateral
attack in its own right. *See Lackawanna
County Dist. Attorney v. Coss,* 532 U.S.

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as provided by Ninth
Circuit Rule 36–3.

394, 403–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). Similarly, Hightower's challenge to his attorney's effectiveness based on the attorney's failure to raise this claim before the trial court fails. The petitioner is not entitled to challenge indirectly what *Lackawanna* prohibits his challenging directly.

Hightower's claim that his plea and the associated waivers of his constitutional rights were not knowing and voluntary under *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), also fails. It was not unreasonable for the state court to conclude that no additional, separate waiver of rights was required before Hightower admitted his prior convictions.

The remaining claims on which the certificate of appealability was granted were not raised in Hightower's opening brief and are therefore waived. *See Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 797 n. 5 (9th Cir.2001).

The district court properly denied Hightower's petition for habeas corpus.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.