**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Gary DAVIDSON, Defendant–
Appellant,**

**No. 02–6198.**

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2003.

Richard Leigh Grinalds, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, TN, for Plaintiff–Appellee.

William T. Ramsey, Neal & Harwell, Nashville, TN, for Defendant–Appellant.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

## ORDER

James Gary Davidson, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In February 2002, four days into a jury trial, Davidson pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341, and money laundering in violation of 18 U.S.C. § 1957. He was sentenced to a total of 88 months of imprisonment.

Davidson has filed a timely appeal, arguing that the district court erred when it determined that he had knowingly and intelligently waived his right to counsel in connection with a previous state court conviction, which resulted in the district court's erroneous ruling that Davidson's Criminal History Category (CHC) score was II.

Upon review, we conclude that Davidson is not entitled to relief because he voluntarily waived his right to appeal his conviction and sentence. An appeal waiver provision in a plea agreement is binding as long as it was knowingly and voluntarily made. *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996). Pursuant to the terms of the plea agreement, Davidson specifically agreed to "waive his right to appeal his conviction or sentence unless the Court departs from the statutory limits or the guidelines." Furthermore, a review of the guilty plea transcript clearly reflects that the district court informed Davidson that if he pleaded guilty "there won't be any right to appeal," and Davidson testified that he understood. There is nothing in the record to suggest that Davidson's assent to the "waiver of appeal" provision was unknowing or involuntary.

Nonetheless, we conclude that the district court did not err when it considered Davidson's prior pro se guilty plea. In October 1994, Davidson pleaded guilty to a violation of Illinois Security Law 1953. The record clearly reflects that, although Davidson was proceeding pro se, the trial court advised him of his rights, including his right to counsel and to have an attorney appointed for him if he couldn't afford one. The trial court eventually took a five minute recess because Davidson indicated

that he did not completely understand the charges against him and/or the possible penalties involved, and that he did not wish to plead guilty. Following a brief recess, the parties returned to court with a negotiated plea, under the same terms as previously presented to the court. Davidson acknowledged that he understood the amended charge, the possible penalties associated with his plea, and his "rights and privileges," and the court accepted his plea. However, the court again informed Davidson of his right to counsel by stating: "Mr. Davidson, so there is no misunderstanding, you have been entitled to representation by an attorney in this case. And as I have told you, you have been entitled to be represented by a court-appointed attorney if the Court found that you couldn't afford an attorney yourself. If you tell me you wish to be represented by an attorney, then we'll simply vacate the Order that's been entered and we'll go back to square one without any prejudice to you. Do you wish to be represented by an attorney in this case?" Davidson stated that he did not wish to be represented by an attorney. Therefore, contrary to Davidson's argument on appeal, the state trial court had clearly advised him of his right to counsel, and he acknowledged that he understood his "rights and privileges." The record reflects that he waived his right to counsel prior to entering his guilty plea. Moreover, even after he had entered his plea, the state trial court offered Davidson another opportunity to have his plea vacated and to have an attorney represent him. Davidson again indicated that he did not wish to be represented by counsel. Hence, Davidson's current appellate argument lacks merit.

Accordingly, we affirm the judgment of conviction and sentence.