**UNITED STATES of America,**

v.

**Lise BUSCHER, Defendant**

**No. CRIM.A. 03–255–1.**

United States District Court, E.D. Pennsylvania.

April 16, 2004.

Jennifer J. Chun, Esquire, U.S. Attorney's Office, Philadelphia, PA, for Plaintiffs.

Lynanne B. Wescott, Esquire, The Wescott Law Firm PC, Philadelphia, PA, for Defendants.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

On September 9, 2003, the defendant, Lise Buscher, pleaded guilty to mail fraud and wire fraud, in violation of Title 18 U.S Code Sections 1341 and 1343, respectively. Ms. Buscher participated in a scheme to defraud accounting firms out of payments for promised referrals to prospective accounting clients. Her co-defendant, Ronald Newman, pleaded guilty to bank fraud arising out of this scheme and was sentenced by this court on January 30, 2004.[1] Now before the court are defendant Buscher's objections to the Probation Department's calculation of her sentencing range under the U.S. Sentencing Guidelines.

Defendant has a significant number of prior convictions in the state of Washington for check fraud and related crimes. The Probation Department assigned defendant four criminal history points, one for each qualifying adult conviction on her record. *See* PSI ¶¶ 36–55. Defendant argues that two of these convictions should not count towards her criminal history score because they resulted from cases in which she was not represented by counsel.[2] If the court did not count those two convictions, defendant's criminal history category would be reduced from III to II, making her range of imprisonment 8–14 months rather than 10–16 months. The Probation Department and the government argue that Ms. Buscher waived her right to counsel in those two cases and therefore all four convictions are valid and should be counted towards her criminal history score. The Probation Department relies on the following statement from the U.S. Probation Office in Washington as evidence that the defendant effected a valid waiver:

> In the state of Washington, if a defendant does not have a lawyer present, the judge is responsible for explaining the proceedings to the defendant. Procedure provides for the advisement of the right to counsel. The defendant signs a waiver acknowledging that the proceedings have been explained and that they are understood. It can be assumed that state guidelines were followed.

PSI Addendum at 2 (quoting letter from Probation Office dated Dec. 8, 2003).

Defendant counters that this assumption cannot substitute as proof that she knowingly and intelligently waived her right to counsel in the two relevant cases. There is no record of the proceeding available to verify whether the standard procedures were followed.

As support for her objection to the PSI, defendant cites the Supreme Court's decision in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), which recognized an exception to the rule that state prisoners cannot collaterally attack a sentence on grounds that it was enhanced based on an unconstitutional prior conviction, the sentence for which has expired.

---

1. The bank fraud element of the defendants' scheme involved depositing copies of voided checks that were provided by some of the victim accounting firms.

2. The two convictions that are disputed are set forth in paragraphs 49 and 50 of the PSI. Paragraph 49 assigns one criminal history point for a conviction of "false reporting" in King County, Washington, for which Ms. Buscher was sentenced to 180 days in jail, with 176 days suspended, on August 18, 1989. The court docket does not verify attorney representation for this charge. Paragraph 50 assigns one criminal history point for a conviction of theft in King County, Washington, for which Ms. Buscher was sentenced to 180 days in jail, with 173 days suspended, on February 14, 1991. The court docket does not verify attorney representation for this charge.

This exception was for habeas petitions "that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)" *Lackawanna* at 404, 121 S.Ct. 1567, citing *Custis v. United States,* 511 U.S. 485, 496–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) ("[T]he failure to appoint counsel for an indigent [is] a unique constitutional defect ...."). The Supreme Court has also held, however, that there is no constitutional defect in failing to appoint counsel for misdemeanor charges where the trial court imposes no jail time upon conviction. *See Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) (holding that a misdemeanor conviction for shoplifting where a defendant was not provided counsel did not violate the Sixth Amendment because his sentence consisted of a fine only, even though the statute authorized up to a year of jail time). In *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), the Court held that uncounselled misdemeanor convictions that are valid under *Scott* may be used at sentencing for calculating criminal history.

Defendant was sentenced to 180 days in prison for each of the uncounselled state convictions, False Reporting and Theft. *See* PSI ¶¶ 49–50. These sentences were suspended for the most part, but defendant served at least four days in custody for False Reporting and at least seven days for Theft. *See id.* Therefore, these convictions are invalid because they violate the Sixth Amendment as construed by the Court in *Scott* and this court may not use them for sentencing purposes, unless Ms.

Buscher made a knowing and intelligent waiver of her Sixth Amendment right to counsel.[3] *See United States v. Logan,* 250 F.3d 350, 377 (6th Cir.2001) (upholding the use of a prior uncounselled misdemeanor conviction that resulted in jail time to calculate a federal sentence where there was a valid waiver of the right to counsel in the prior proceeding). *See also United States v. Davidson,* 75 Fed.Appx. 503 (6th Cir. 2003). In *Davidson,* the Sixth Circuit affirmed a district court's decision that a defendant had knowingly waived his right to counsel in a previous state court conviction and therefore it could be used to enhance his federal criminal history score. To support this conclusion, the Court of Appeals pointed to evidence of the waiver in the record including the following colloquy between the state trial court judge and the defendant:

> Mr. Davidson, so there is no misunderstanding, you have been entitled to be represented by a court-appointed attorney if the Court found that you couldn't afford an attorney yourself. If you tell me you wish to be represented by an attorney, then we'll simply vacate the Order that's been entered and we'll go back to square one without any prejudice to you. Do you wish to be represented by an attorney in this case?

*Id.* at 504–05.

In contrast, in this case there is no such record to reflect the extent to which the state court judge advised Ms. Buscher of her right to counsel on the two disputed charges. Without proof of a valid waiver, the court cannot accept those convictions as the basis for criminal history points.

The Probation Department has also recommended that the court depart upward from the Guidelines range of 10 to 16

---

**3.** The court retains the discretion to depart upward if it believes that the criminal history category is inadequate after considering prior criminal activity that is not included in the formal Guidelines calculations. *See* U.S.S.G. § 4A1.3.

months to more adequately reflect defendant's criminal history, which includes several offenses that are not included for Guidelines calculation purposes. The court declines to depart upward.

An appropriate Order follows.

## ORDER

**AND NOW,** this 16th day of April, 2004, pursuant to Federal Rule of Criminal Procedure 32(c)(1) and after considering the Presentence Investigation Report ("PSI"), the defendant's sentencing memorandum, the government's sentencing memorandum, and after a hearing, it is hereby **ORDERED** that the following findings and determinations of the court shall be appended to the PSI in this case and shall accompany any copy of the PSI thereafter made available to the Bureau of Prisons.

With regard to the PSI and the defendant's objections thereto, it is hereby **ORDERED** that Defendant's objections to paragraphs 49 and 50 are **GRANTED.** The criminal history score is decreased from 4 to 2, making the criminal history category decrease from III to II. Accordingly, the range of imprisonment under the Guidelines is reduced from 10 to 16 months to 8 to 14 months.