Bob CONWAY, Petitioner–Appellant,

v.

Ana Ramirez PALMER, Warden, Respondent–Appellee.

No. 03–16773.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 22, 2004.

Frank G. Prantil, Attorney at Law, Sacramento, CA, for Petitioner–Appellant.

W. Scott Thorpe, DAG, Lee E. Seale, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Bob Conway appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 1996 jury trial conviction for child molestation. He also challenged the state court's sentence enhancement upon a finding that Conway had suffered two prior 1975 convictions for committing lewd acts upon children, which increased his sentence to a term of 26 years to life. Conway contends the district court erred by holding that he could not collaterally challenge the constitutionality of his 1975 state court convictions through his present section 2254 petition. We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for unpublication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

Where, as here, a petitioner's state court conviction was later used to enhance a criminal sentence, "the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 403–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). A habeas petitioner may not collaterally challenge a prior conviction which is "no longer open to direct or collateral attack in its own right," unless "there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404, 121 S.Ct. 1567. Because Conway had been represented by counsel, *Lackawanna's* "failure to appoint counsel" exception does not apply. Conway is precluded from collaterally attacking his prior convictions through a section 2254 petition, even though this was his first challenge to the 1975 convictions. *See id.* at 406, 121 S.Ct. 1567.

AFFIRMED.