**Willie MCGOWAN, Petitioner,**

v.

**E. ROE, Warden, Respondent.**

No. 04–55789.

D.C. No. CV–00–01472–LAB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2005.

Decided April 1, 2005.

Jason I. Ser, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Petitioner.

DAG, AGCA–Office of the California Attorney General (San Diego), San Diego, CA, for Respondent.

Before HALL, PAEZ, Circuit Judges, and BEISTLINE, District Judge.*

MEMORANDUM **

Defendant Willie McGowan appeals the denial of his petition for habeas corpus

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pursuant to 28 U.S.C. § 2254. He contends that the use of his 1986 felony convictions to enhance his current sentence violated his right to due process because the prior convictions were the result of an unknowing and involuntary guilty plea.

In *Lackawanna County v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the Supreme Court addressed this issue and specifically held that once a prior state conviction is no longer open to direct or collateral attack in its own right, a defendant "may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 404, 121 S.Ct. 1567. The Court held that with the exception of convictions obtained in violation of the right to counsel, a defendant has no right to bring such a challenge. *Id.; see Daniels v. United States*, 532 U.S. 374, 376, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001); *Custis v. United States*, 511 U.S. 485, 487, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).

McGowan's argument that his counsel performance was "the equivalent of having no attorney at all" is unavailing. There is no dispute that McGowan was represented in the prior proceeding. McGowan's attempt to characterize his claim to fit within this exception cannot hide the fact that this is a claim for ineffective assistance of counsel. *See, e.g., Lackawanna County*, 532 U.S. at 404, 121 S.Ct. 1567 (recognizing that "failure to appoint counsel ... will generally appear from the judgment roll itself, or from an accompanying minute order" (quoting *Custis*, 511 U.S. at 496, 114 S.Ct. 1732 (internal quotations omitted))).

McGowan's argument that he falls under a "faultless exception" is similarly unavailing. In both *Daniels* and *Lackawanna County*, Justice O'Connor, writing for a plurality of the Court, recognized that "there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Daniels*, 532 U.S. at 383, 121 S.Ct. 1578; *see Lackawanna County*, 532 U.S. at 405, 121 S.Ct. 1567. Even if we were to recognize a faultless exception, however, McGowan would not qualify. In both cases, Justice O'Connor discussed the two situations where she envisioned the exception applying: (1) where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented; and (2) where after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. *Id.* McGowan's claim fits into neither of these situations. The state court did not refuse to rule on a constitutional claim properly presented, and McGowan makes no claim that he is actually innocent.

Accordingly, the judgment of the district court is AFFIRMED.