**Arthur Charles LIGGINS, Petitioner—Appellant,**

v.

**Diane K. BUTLER, Respondent—Appellee.**

No. 05–15660.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Arthur Charles Liggins, Sierra Conservation Center, Jamestown, CA, pro se.

Clifford E. Zall, Office of the California Attorney General, Department of Justice, Sacramento CA, for Respondent–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner Arthur Charles Liggins appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition, through which Liggins challenged his conviction for residential burglary and assault. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Liggins has not established that his trial counsel's performance with respect to his 1995 guilty plea was constitutionally deficient or that it prejudiced him during his 1996 trial and conviction. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Liggins's contention that the prosecution acted vindictively by adding new enhancements to the information filed against him after he withdrew his guilty plea is unsupported by the record. *See United States v. Goodwin,* 457 U.S. 368, 384, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (rejecting "presumption of vindictiveness" where prosecution files more severe charges after defendant rejects plea).

Liggins's contention that he was entitled to an instruction on self-defense is also without merit. Generally, a federal habeas petition may not rest on an alleged violation or misapplication of state law. *See Estelle v. McGuire,* 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Moreover, while "[a] defendant may assert defenses that are inconsistent with his own

testimony," for "a defendant to be entitled to an instruction, there must still be enough evidence in the record so that a rational jury could conclude that the defense has been established." *United States v. Wagner*, 834 F.2d 1474, 1486 n. 12 (9th Cir.1987). Here, Liggins has pointed to no evidence upon which a rational jury could conclude that he acted in self-defense in attacking his burglary victim with a tire iron.

Liggins next contends that his conviction is invalid because the prior conviction used to enhance his sentence under California's Three Strikes law is unconstitutional because trial counsel in that underlying case was ineffective. Liggins cannot use this habeas petition to collaterally challenge a prior conviction for which he is no longer in custody, even when that conviction was used to enhance his sentence. *See Lackawanna v. Coss*, 532 U.S. 394, 396–97, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). Liggins points to no extraordinary circumstance that warrants an exception to this rule. *See id.* at 405–06, 121 S.Ct. 1567.

Finally, we reject Liggins's contention that the district court abused its discretion when it vacated the evidentiary hearing on the issue of ineffective assistance of counsel. *See Tinsley v. Borg*, 895 F.2d 520, 530 (9th Cir.1990) (noting that petitioner is entitled to evidentiary hearing only if he asserts colorable claim and state court did not offer full and fair hearing on issue).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable H. Russel Holland, Senior District Judge, United States District Court for the District of Alaska, sitting by designation.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.