Jaspar Wilford **ALFORD, Petitioner—Appellant,**

v.

Thomas **MADDOCK, Acting Director of the California Department of Corrections; et al., Respondents—Appellees.**

No. 07–16023.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed July 10, 2008.

Lawrence A. Gibbs, Esq., Law Office of Lawrence A. Gibbs, Berkeley, CA, for Petitioner–Appellant.

Carlos A. Martinez, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: WALLACE and GRABER, Circuit Judges, and EZRA,* District Judge.

## MEMORANDUM **

Alford appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a 1979 second degree murder conviction that was used to enhance his sentence for a 1995 battery conviction. We affirm.

The United States Supreme Court held in *Lackawanna County District Attorney v. Coss,* 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available ... the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403–04, 121 S.Ct. 1567 (citation omitted).

Here, it is undisputed that Alford's 1979 conviction is stale. Additionally, it is undisputed that Alford chose not to seek available relief while serving his sentence for the 1979 conviction. After his first direct appeal to the 1979 conviction was rejected, Alford had two options: he could attack the conviction immediately in a petition to the California Supreme Court and then collateral appeals in state and federal courts, or he could wait and attack the conviction in the future in the event that it was applied to enhance the sentence for a later conviction. Nothing precluded him from taking the first option, but he instead chose the second. That choice, while permissible under California state law, precluded his ability to seek federal relief.

We do not need to decide whether or in what situations an exception to *Lackawanna*'s habeas bar, besides a *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), violation, exists. *See Daniels v. United States,* 532 U.S. 374, 385, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (Scalia, J., concurring). Even if there exists an exception to the bar when "no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own," *id.* at 383, 121 S.Ct. 1578; *see also Lackawanna,* 532 U.S. at 404, 121 S.Ct. 1567, that exception, if it exists, would not apply here because there were channels of relief available to Alford, *see, e.g.,* Cal. R. Ct. 28 (2006) (rule permitting petition to California Supreme Court); Cal. Pen.Code § 1473 (rule permitting habeas corpus petitions in California state courts); 28 U.S.C. § 2254 (rule permitting habeas corpus petitions in federal courts), and it was Alford's fault that he failed to pursue them. That Alford might have a state right to challenge the 1979 conviction now does not resurrect his federal avenues of relief, even if the California Supreme Court erroneously denied his petition.

**AFFIRMED.**

---

* The Honorable Judge David A. Ezra, United States District Court for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.