**Ricky Lee COBBS, Jr., Petitioner— Appellant,**

v.

**Tom L. CAREY, Respondent—Appellee.**

No. 06–16047.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

Ricky Lee Cobbs, Jr., Vacaville, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Catherine G. Tennant, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: ALARCÓN, LEAVY and TALLMAN, Circuit Judges.

MEMORANDUM **

California state prisoner Ricky Lee Cobbs, Jr. appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition, challenging his conviction and sentence for murder and street terrorism. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Cobbs contends that: (1) the trial court erred by denying his request for a "claim of right" jury instruction; (2) there was insufficient evidence that the murder was the natural and probable consequence of his unarmed assault of the victim; (3) the trial court erred by denying his request for a jury instruction stating that the shooting was not a natural and probable consequence of the assault if it was the independent act of one of the participants; (4) the jury instructions improperly permitted the jury to consider whether the crime of murder in the abstract is a natural and probable consequence of the crime of assault in the abstract; (5) the natural and probable consequences doctrine violates due process because it permits conviction based on ordinary negligence; (6) the natural and probable consequences doctrine creates an unconstitutional presumption of the presence of malice; (7) the trial court erred by

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

admitting certain expert testimony; (8) the trial court erred by denying his motion to strike his prior juvenile adjudication; and (9) his due process rights were violated by the trial court's failure to conduct a continuous preliminary hearing.

We conclude that the state court's decision rejecting these claims was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d); *see also Lackawanna v. Coss,* 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001); *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Windham v. Merkle,* 163 F.3d 1092, 1103 (9th Cir.1998).

**AFFIRMED.**