HLD-191     (August 2010)                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2558
_____

CHARLES GROSS,
                                        Appellant
            v.

T.R. SNIEZEK,
The Government


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-00060)
District Judge:   Honorable John E. Jones, III

_____


Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2010
Before:   McKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges

(Opinion filed: October 12, 2010)
_____

OPINION
_____

PER CURIAM.

        Appellant Charles Gross, proceeding pro se, appeals from the District

1

Court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the judgment of the District Court.

Gross is presently incarcerated at the Federal Correctional Institution-Schuylkill in Minersville, Pennsylvania, serving a sentence imposed in 2008 by the United States District Court for the District of Maryland. On January 28, 2010, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court. In it, he argued that the sentence imposed by the Federal District Court in Maryland was improperly enhanced by a prior Maryland State Court conviction deriving from a plea obtained in violation of the Constitution. The District Court dismissed his petition for lack of jurisdiction, explaining that his claim was not cognizable under 28 U.S.C. § 2241 because § 2255 provided an adequate remedy for Gross's habeas claims. Gross appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We will summarily affirm the order of the District Court because this appeal presents no substantial question. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

Gross presents in great detail his argument regarding the unconstitutionality of his plea agreement with the State of Maryland. In 2000, in the Circuit Court for Prince George's County, Gross pled guilty to possession with intent to distribute cocaine and was sentenced to five years in prison. The record does not reflect that he ever filed a 28 U.S.C. § 2254 habeas petition to challenge this conviction and sentence. In February

2

2008, he filed a petition for a writ of error coram nobis in the Circuit Court for Prince George's County, arguing that his plea was not knowing and voluntary as he was not advised of the elements of the charge to which he pled guilty, either by the court or by his counsel. Following a hearing, his petition was denied. That decision was affirmed on appeal and the Maryland Court of Special Appeals denied relief.

On June 23, 2008, Gross was convicted in the Federal District Court in Maryland of one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846, and sentenced to 188 months in prison. Based on his prior state court conviction, he was designated a career offender under the Federal Sentencing Guidelines. He argues that because his state court conviction was unconstitutionally obtained, his federal sentence should not have been enhanced on that basis. Because he is now in federal custody and can no longer bring a § 2254 petition, Gross argues that the only way to challenge his underlying state court conviction and sentence is through a § 2241 petition.

Gross does not dispute that he could have filed a § 2254 habeas petition to challenge the legality of his plea agreement following the conclusion of his state court proceedings. See Daniels v. United States, 532 U.S. 374, 381 (2001). The fact that he waited until 2008 to pursue any relief in state court does not mean that he can now seek relief under § 2241. In In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), we permitted the petitioner to proceed under § 2241 because he had "no earlier opportunity to challenge his

3

conviction" based on an intervening change in the law.   See id. at 251.   Here, the law

has remained the same since Gross's conviction.   It appears that the only thing that has

changed has been his understanding of the law.   This does not justify his prosecution of a

petition under § 2241.   Cf. Daniels, 532 U.S. at 382 (explaining that, for the purposes of

§ 2255, if "a prior conviction used to enhance a federal sentence is no longer open to

direct or collateral attack in its own right because the defendant failed to pursue those

remedies while they were available . . ., then that defendant is without recourse");

Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 396-97 (2001) (extending holding of

Daniels to state prisoners seeking to challenge enhanced state sentences under § 2254).

As the District Court explained, the proper course of action for Gross would

have been to file a direct appeal or petition for collateral relief in the appropriate state

courts in Maryland, followed by a 28 U.S.C. § 2254 habeas petition.   See Daniels, 532

U.S. at 381.   Additionally, to the extent he seeks to challenge the calculation of his

sentence based on his status as a career offender, he has not demonstrated that § 2255, if

properly utilized, would have provided an "inadequate or ineffective" means of relief.

See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per

curiam) ("It is the inefficacy of the remedy, not the personal inability to use it, that is

determinative.").

Based on the foregoing, we agree that the District Court properly dismissed Gross's § 2241 petition and will summarily affirm the judgment of the District Court.[1] See 3d Cir. LAR 27.4 & I.O.P. 10.6.

---

[1] While the District Court could have treated Gross's § 2241 petition as a § 2254 petition and transferred it to the Maryland District Court pursuant to 28 U.S.C. § 1631, we conclude that doing so would not have been "in the interest of justice," particularly in light of Gross's own representation that he can no longer pursue relief under § 2254.