FILED
United States Court of Appeals
Tenth Circuit

May 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARRICK ALEXANDER,

       Petitioner-Appellant,

v.

THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

       Respondent-Appellee.

No. 12-1443

(D.C. No. 1:12-cv-01558-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

Darrick Alexander, a Colorado state prisoner appearing pro se, seeks a certificate

of appealability (COA) in order to challenge the district court's dismissal without

prejudice of his 28 U.S.C. § 2254 petition for federal habeas relief. Because Alexander

has failed to satisfy the standards for the issuance of a COA, we deny his request and

dismiss the matter. We also deny his request to proceed in forma pauperis on appeal.

I

*Alexander's state court proceedings*

In 1994, Alexander was charged in the District Court of Arapahoe County,

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

Colorado, with first-degree sexual assault, second-degree assault, and a crime of violence sentence enhancer. On January 9, 1995, Alexander, pursuant to the terms of a written plea agreement, pleaded guilty to one count of second-degree sexual assault and one count of third-degree assault. Alexander was subsequently sentenced to a term of imprisonment of six and one-half years on the sexual assault conviction, and a two-year concurrent term of imprisonment on the assault conviction. Alexander did not file a direct appeal.

In April 1999, the Colorado Department of Corrections (CDOC) informed Alexander that, upon his release from confinement, he would be required to serve a five-year period of mandatory parole. In October 1999, Alexander filed with the state trial court a motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c) arguing that he was never advised, prior to entering his guilty plea, that he would be required to serve a period of mandatory parole. The state trial court denied Alexander's motion and Alexander appealed. On appeal, Alexander argued "that he should not be required to serve a period of mandatory parole because he was subject to [Colorado's] discretionary parole provisions," rather than its mandatory parole provisions. App. at 39-40. On August 9, 2001, the Colorado Court of Appeals issued an unpublished decision reversing the state trial court's decision. People v. Alexander, No. 00CA0686 (Colo. App. Aug. 9, 2001). In doing so, the Colorado Court of Appeals agreed with Alexander that, in light of the date his crimes of conviction were committed, he was subject only to a term of discretionary parole. App. at 40-41. The Colorado Court of Appeals further held that,

2

because Alexander had completed his term of imprisonment[1], he was no longer subject to discretionary parole under Colorado state law. Id. at 41.

More than six years later, in November 2007, Alexander was charged in the District Court of Denver County, Colorado, with one count of second-degree assault of a peace officer, one count of second-degree assault with intent to cause serious bodily injury, and two counts of possession of a controlled substance. The prosecution later amended the charges to add three habitual criminal counts. The case proceeded to trial in 2009, where a jury found Alexander guilty of the drug charges and assaulting a peace officer, but acquitted him of the remaining assault charge.

Prior to sentencing, Alexander filed a pro se motion to vacate his 1995 guilty plea and judgment of conviction. Alexander also filed a motion to dismiss the pending habitual criminal charges. At the sentencing hearing on September 29, 2009, the state trial court found that Alexander's challenge to his 1995 guilty plea and judgment of conviction was time-barred. And, after conducting an evidentiary hearing, the state trial court found that all three habitual criminal counts had been established. Consequently, the state trial court sentenced Alexander to a term of imprisonment of 64 years.

Alexander filed a direct appeal. According to the record, that appeal is still pending before the Colorado Court of Appeals.

---

[1] According to the record on appeal, the Colorado Board of Parole formally discharged Alexander from parole on July 24, 2001. App. at 125.

3

*Alexander's federal habeas proceedings*

On June 15, 2012, Alexander filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 purportedly seeking to challenge the 1995 convictions arising out of the District Court of Arapahoe County. Claim One of Alexander's petition alleged, in pertinent part, that his 1995 guilty plea was "unlawfully induced" and "not made voluntarily" because "[t]he judge, prosecuting attorney [and] defense[] counsel [all failed to] advise [him] that he would have to register as a sex offender, . . .attend sex offender treatment[,] . . . be administered urinalysis, . . . be required to serve 180 days of intense supervised parole[,] . . . be required to serve a . . . five year period of parole[,] . . . [and] that the plea could be used at a later time to enhance a future sentence." App. at 45-46. Claim Two alleged that Alexander's constitutional right to due process was violated because the warrant upon which he was arrested was defective, the plea agreement incorporated a sentencing recommendation that exceeded the presumptive sentencing range for his convictions, and the state trial court failed to follow mandated procedures prior to imposing an order of restitution. Id. at 74-76. Claim Three alleged that Alexander's defense counsel was ineffective for recommending that Alexander waive his rights to a preliminary hearing and speedy trial, failing to conduct a sufficient investigation prior to advising Alexander to plead guilty, failing to challenge the validity of the warrant upon which Alexander was arrested, and allowing Alexander to be sentenced to an illegal term of imprisonment. Id. at 74, 77-78. Alexander's petition ultimately asked that the 1995 convictions "be vacated." Id. at 82. The petition also

4

alleged, in passing, that "[s]ince the 1995 conviction [and] sentence at issue [was] invalid, it shouldn't have been used to enhance [his] 2009 sentence." Id. at 80.

On June 20, 2012, the magistrate judge assigned to the case issued an order directing respondent to file a pre-answer response "addressing whether [Alexander] [wa]s in custody for the purposes of the conviction he [wa]s challenging as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A)." Id. at 84. On August 9, 2012, respondent filed a pre-answer response asserting, in part, that Alexander failed to meet the "in custody" requirement under § 2254(a) because the convictions he was seeking to challenge had expired and he failed to allege any exception to the custody requirement. Respondent also asserted that he "intend[ed] to assert the affirmative defenses of untimeliness and procedural default." Id. at 107.

On October 3, 2012, Alexander filed a reply asserting that "[t]he basis of [his] . . . petition . . . [wa]s . . . to attack his 199[5] c[onvictions] which w[ere] used in his current case to aggravate his current conviction." Id. at 155. In support, Alexander alleged that his 1995 convictions were "ruled illegal by the Colorado Court of Appeals in 2001 [and he] was released from the conviction[s]." Id. Consequently, Alexander argued, the state trial court in his 2007 case lacked "jurisdiction to use a previously illegal sentence as an aggravating factor to support a habitual criminal sentence." Id. In other words, Alexander asserted, "[d]ue to the fact that the 199[5] [convictions] w[ere] ruled illegal, the basis of the habitual criminal offense is hereby illegal." Id.

5

With respect to the issue of timeliness, Alexander argued that "the AEDPA statute of limitations set forth in subsection 2244(d)(1) ha[d] been met because an illegally imposed sentence can be challenged at any time," id. at 157, under "Colo. App. Rule 35(a)," id. at 156. And, with respect to the issues of exhaustion of state court remedies and procedural default, Alexander asserted that his "1995 conviction was challenged to the Colorado Court of Appeals where at that time the conviction was overturned by that court." Id. at 157. Consequently, Alexander asserted, "[t]here was no reason for the challenge to be taken to the Colorado Supreme Court" and the issue of the validity of the 1995 conviction "was technically exhausted." Id.

On October 10, 2012, the district court issued an order dismissing Alexander's petition without prejudice. In doing so, the district court began by noting that Alexander was "no longer in custody with respect to th[e] [1995] conviction[s] and [could] not challenge [them] directly." Id. at 163. But, the district court concluded, Alexander's application "c[ould] be construed as asserting a challenge to [his] current conviction and sentence" and, "[s]o construed, [he] satisfie[d] the custody requirement." Id. at 164. Turning to the actual claims asserted in Alexander's petition, the district court noted, citing the Supreme Court's decision in Lackawanna County Attorney v. Coss, 532 U.S. 394 (2001), that a § 2254 habeas petition cannot be used by a criminal defendant to challenge an enhanced sentence on the ground that it was based on a prior conviction that unconstitutionally obtained, if that prior conviction is no longer open to direct or collateral attack in its own right. App. at 164. "Therefore," the district court concluded,

6

"unless an exception to this general rule applies, the instant action must be dismissed even if . . . Alexander satisfies the custody requirement." Id. The district court ultimately "decline[d] to decide whether any exception to Lackawanna applie[d] for two reasons." Id. at 165. "First," the district court noted, "a ruling on the merits of [Alexander's] claims [might] affect adversely . . . Alexander's ability to file any subsequent federal habeas corpus action challenging the validity of his current conviction or sentence." Id. "Second," the district court noted, "it [wa]s clear that . . . Alexander ha[d] not exhausted state remedies for his claims challenging the validity of the enhanced sentence he currently is serving." Id. Consequently, the district court concluded that the appropriate action was to dismiss Alexander's petition "without prejudice for failure to exhaust state remedies." Id. at 166. As part of its order, the district court also ordered "that no certificate of appealability will issue because [Alexander] has not made a substantial showing of the denial of a constitutional right." Id. at 167.

Alexander filed a timely notice of appeal, and has since filed with this court a combined opening brief and application for a COA, as well as a motion for leave to proceed on appeal without prepayment of costs or fees.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court denies a habeas petition on

7

procedural grounds, a COA will be issued only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Although Alexander's petition asked the district court to review the validity of his 1995 convictions, it is undisputed that Alexander completed the sentences imposed in connection with those convictions and thus is no longer "in custody" under the 1995 judgment. Consequently, the only way for Alexander to satisfy § 2254's "in custody" requirement is to treat his current sentence as the sentence being challenged in his federal habeas petition. See Lackawanna, 532 U.S. at 401. And, indeed, it is apparent from all of the pleadings that Alexander has filed, both in the district court and this court, that he believes his current sentence was improperly enhanced on the basis of his 1995 convictions.

As the district court correctly observed, however, Alexander's current sentence and the convictions on which it is based are not yet final because his direct appeal remains pending before the Colorado Court of Appeals. Thus, Alexander has not yet exhausted his state court remedies with respect to the sentence he is effectively challenging in these federal habeas proceedings. Were the district court to ignore this lack of exhaustion and rule on the merits of Alexander's § 2254 habeas petition, it could potentially preclude Alexander, in the event that his pending direct appeal is unsuccessful, from mounting a future federal habeas challenge to his current convictions and sentence.

8

As a result, the district court acted both prudently and properly in dismissing Alexander's petition without prejudice. That leaves Alexander free, if necessary, to file a future habeas petition incorporating all potential constitutional challenges to his current convictions and sentence.

For these reasons, we conclude that jurists of reason would not find it debatable whether the district court was correct in dismissing Alexander's petition without prejudice.

The application for COA is DENIED and this matter is DISMISSED. Alexander's motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

9