**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANK A. RUST,

               Petitioner - Appellant,

   v.

DAVID B. LONG, Warden,

               Respondent - Appellee.

No. 11-56562

D.C. No. 5:06-cv-00576-PA-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 8, 2014[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

Petitioner Frank A. Rust ("Rust") appeals the district court's denial of his

motion to amend his federal habeas petition and subsequent denial of the petition.

Rust filed a petition to vacate his sentence for assault with a deadly weapon under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 2254 and sought to amend his petition to add a claim that the trial court erred in issuing a three-strike sentence based on his prior sex offense convictions from 1985. Because the parties are familiar with the facts and procedural history of the case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

1. A court may deny leave to amend if the proposed amendment is futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Rust seeks to amend his petition to add a claim that the trial court erred in imposing a three-strike sentence because the jury acquitted him of his sex offender registration charge. The jury's acquittal on the registration charge shows only that the government did not meet its burden of proof on that charge, not that the jury necessarily found that he was not in fact convicted for the 1985 offenses underlying the registration charge. Further, Rust's sentencing enhancement claim is in effect an attack on the validity of his prior conviction, barred by *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), and Rust does not argue, nor could he successfully argue, that any of *Lackawanna*'s exceptions apply. Finally, Rust concedes that he was in fact convicted in 1985 for rape, forced oral copulation, and kidnaping. Accordingly, Rust's proposed amendment is futile.

2.    A court may deny leave to amend based on undue delay, and a movant must show good cause for an untimely request. *Bonin*, 59 F.3d at 845; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The district court held that Rust engaged in undue delay and had not shown good cause based on its findings that (1) Rust knew or should have known about his sentencing enhancement claim when he filed his first federal habeas petition in 2004; (2) Rust did not explain why he did not include the claim in 2004; (3) Rust had been ordered not to add any new habeas claims when the court stayed his federal petition to allow him to exhaust certain claims in state court; (4) Rust did not adequately explain why he waited two years to raise the new claim in federal court; and (5) the State had been prejudiced by the delay in resolving Rust's habeas claims despite having fully litigated his 2004 petition. Therefore the district court did not abuse its discretion in denying Rust's motion to amend.

AFFIRMED.