J-S31025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                           :          PENNSYLVANIA
                           :
         v.                   :
                           :
                           :
GARY B. RHINES            :
                           :
          Appellant        :     No. 2774 EDA 2017

Appeal from the PCRA Order July 31, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0714301-1993,
CP-51-CR-1210181-1991

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

JUDGMENT ORDER BY LAZARUS, J.:              **FILED JULY 13, 2018**

Gary B. Rhines appeals, *pro se*, from the order, entered in the Court of

Common Pleas of Philadelphia County, dismissing his petition filed pursuant

to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On March 5, 1992, Rhines entered a plea of *nolo contendere* to one

count each of possession with intent to deliver, possession, and criminal

conspiracy ("1992 case").  He was sentenced to two years of probation.

Subsequently, on March 19, 1994, Rhines was convicted, in a nonjury trial, of

simple assault and recklessly endangering another person and, on that same

date, was sentenced to 3 to 23 months' incarceration ("1994 case").  On May

19, 1994, Rhines was resentenced to 6 to 23 months' incarceration, followed

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

by two years' probation, for violating his probation in the 1992 case. Rhine never appealed any of his judgments of sentence.

On August 3, 2016, Rhines filed the instant, *pro se*, PCRA petition, his first, which the PCRA court denied for lack of standing, as Rhine was no longer serving a sentence as a result of his convictions in either the 1992 case or the 1994 case. Rhine filed this timely appeal, in which he claims that he is eligible for PCRA relief under **Lackawanna Dist. Atty. v. Coss**, 532 U.S. 394 (2001), as he is currently serving a sentence that was enhanced directly as a result of his 1992 and 1994 cases. Rhine is entitled to no relief.[2]

In **Coss**, the United States Supreme Court explored the "in custody" eligibility parameters[3] of federal habeas corpus relief. The Court concluded

_____

[2] We note our well-settled scope and standard of review of the denial of PCRA relief:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Medina**, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citations and quotations omitted).

[3] Coss had sought relief in federal court under 28 U.S.C. § 2254. That provision, a post-conviction remedy in federal court for state prisoners, provides that a writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court" if that person "is in custody in

that, for federal habeas jurisdictional purposes, a petitioner satisfies the "in custody" requirement where the state sentence he is currently serving was enhanced by an allegedly unconstitutional prior conviction, even where the sentence on the prior case had fully expired.[4] However, **Coss** provides no similar exception to state rules, such as section 9543 of the PCRA, that circumscribe eligibility for post-conviction relief. Accordingly, because Rhine is no longer serving a sentence for the challenged convictions, he is ineligible for relief under the PCRA and the lower court property dismissed his petition.

Order affirmed.

---

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

[4] On the question for which *certiorari* was granted, i.e., whether the federal habeas statute provides a remedy where a current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has fully expired, the court concluded that, subject to narrow exceptions, it did not. Rather, the Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." **Coss**, 532 U.S. at 403. "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a [federal habeas petition] on the ground that the prior conviction was unconstitutionally obtained." **Id.** at 403–04.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/18