**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3595

_____

ALONZO LAMAR JOHNSON,

Appellant

v.

WARDEN MCDOWELL FCI;
THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-01250)
Magistrate Judge: Honorable Lisa Pupo Lenihan

_____

Submitted under Third Circuit LAR 34.1(a)
on January 14, 2022

Before: AMBRO, BIBAS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 15, 2022)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

ROTH, Circuit Judge

Pittsburgh police arrested Alonzo Johnson for drug-related crimes on April 5, 2007. He was released from custody the next day and remained free until September 2009, when he was arrested on federal drug charges. He has been in primary federal custody ever since. In April 2010, Johnson was found guilty on the state charges. In July 2010, the state court sentenced him to a three-to-six-year term of imprisonment. Following Pennsylvania Post-Conviction Relief Act proceedings, the state court resentenced Johnson in April 2013 to the same three-to-six-year term, crediting to him the 1,018 days he spent in custody between his original sentence and his new sentence. Then, in July 2013, Johnson was sentenced to 300 months on his federal charges. Fifteen months of the federal sentence were to be served concurrently with the state sentence.

Johnson then petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court dismissed Johnson's petition for lack of jurisdiction, but we vacated and remanded for the District Court to determine whether Johnson was in state custody when he filed his petition.[1] Following an evidentiary hearing, the District Court concluded that Johnson was not in the custody of the Commonwealth of Pennsylvania when he filed his petition on August 15, 2016.

---

[1] *See Johnson v. Warden McDowell FCI*, 796 F. App'x 73 (3d Cir. 2019).

**II**[2]

Our analysis focuses on whether Johnson was in state custody when he petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. "That provision, a postconviction remedy in federal court for state prisoners, provides that a writ of habeas corpus is available to 'a person in custody pursuant to the judgment of a State court' if that person 'is in custody in violation of the Constitution or laws or treaties of the United States.'"[3] The Supreme Court has explained that a person no longer serving a sentence imposed by a state court "cannot bring a federal habeas petition directed" at that conviction.[4] Thus, if Johnson was no longer in the custody of the Commonwealth of Pennsylvania when he petitioned for Section 2254 habeas relief on August 15, 2016, the District Court could not exercise jurisdiction over his petition.

Evidence presented at the District Court's June 16, 2020, hearing resolves the matter.[5] A Pennsylvania Department of Corrections Records Specialist testified that

---

[2] The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 2241 and 2254. The Magistrate Judge presided by consent under 28 U.S.C. § 636(c). We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253. "We review the District Court's dismissal of a habeas petition on jurisdictional grounds *de novo*." *Piasecki v. Court of Common Pleas, Bucks Cnty., PA*, 917 F.3d 161, 165 n.18 (3d Cir. 2019).

[3] *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 399 (2001) (quoting 28 U.S.C. § 2254(a)).

[4] *Id.* at 401.

[5] We note with concern the haphazard record-keeping of the Pennsylvania Department of Corrections, which led to much confusion in this matter. The Department of Corrections has an obligation to properly record state prisoner's sentences. We share the same concern as the District Court, which noted that it believed Johnson "simply fell through the cracks until the issue with his sentence was brought to light through this case." Appx. 11. We urge the Department of Corrections to make strong efforts to ensure accurate and timely record-keeping.

Johnson's controlling minimum date for his three to six-year sentence would have been July 12, 2013, and his controlling maximum date would have been July 12, 2016.[6] The Records Specialist explained that Johnson was given credit for the one day he spent in the Allegheny County Jail on April 6, 2007, and credit for all time he spent in custody starting from July 13, 2010, the date his sentence was originally imposed, until his maximum six-year sentence expired on July 12, 2016.[7] Put simply, Johnson's state-imposed sentence of imprisonment expired on July 12, 2016, more than one month before he petitioned for habeas relief.

Because Johnson's state sentence expired before he filed his petition for habeas relief, he was not in the custody of the Commonwealth of Pennsylvania. Thus, the District Court lacked jurisdiction under Section 2254 to consider his petition.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6] Appx. 11-12.
[7] Appx. 12.